## No. 5690.

### M. A. SOUTHWORTH VS. LOUISIANA LEVEE CO.

Where a company has become in a hopeless and helpless condition, without a dollar in its treasury, and threatened with dissolution for non-compliance with its charter, and a number of capitalists are induced to undertake its reorganization and to furnish the necessary funds to enable it to fulfill its obligations to the State, and as an inducement to them it was agreed that sixty thousand shares of stock that had been reserved at its organization should be delivered to them as preferred stock, upon their paying five dollars per share, which was paid and thereby the company was put in funds, the original corporators or stockholders cannot rightfully claim that these shares shall be divided among themselves, nor are they entitled to any part thereof. These shares belong to the new members as a *bonus* for their assistance and services in revivifying the company, without which its dissolution could not have been prevented.   Bach *v.* La. Levee Co., 25 La. Ann. 228 approved.

Where the new company, thus reorganized, sets apart twenty per centum of its net earnings and distributes it as a dividend on the preferred stock, and refuses to distribute the residue of its net earnings as a dividend on the entire stock, contrary to its charter, and by resolution directs that the residue shall be held until the object of the incorporation is fully attained and its work completed, an original stockholder may invoke the interposition of the court to remedy this injustice, and to compel the distribution of this residue of eighty per centum of its net earnings among all the holders of stock, preferred as well as ordinary. If, however, his petition or proof fails to furnish the data that would enable the court to fix the amount of this dividend, and he does not claim judgment for his distributive share thereof, no moneyed judgment can be rendered.

APPEAL from the Superior District Court of New Orleans.   HAWKINS, J.

*Aroni* for Plaintiff Appellant.   *Semmes & Mott*, and *Gilmore & Sons* for Defendant.

Camors & Co. *vs.* People's Ins. Co.

SPENCER, J., delivered the opinion on the first hearing, and MARR, J., on the rehearing, adhering to the first decree, which affirmed the judgment of the lower court so far as it rejected the claim for one twenty-seventh of the 60,000 shares, and reversed it in other respects, and also annulled the obnoxious resolution of the directors, and reserved the plaintiff's right to sue for his share of the withheld dividend.